**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>        Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN,<br><br>        Respondent. | Case No. 2:21-cv-05398-PA (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

In 1991, Petitioner was convicted of two counts of willful, deliberate, and premeditated attempted murder, two counts of assault with a deadly weapon, and one count of assault with a firearm. He was sentenced to state prison for two consecutive terms of seven years to life. (ECF 1.)

On July 1, 2021, Petitioner filed this petition for a writ of habeas corpus challenging his 1991 conviction. *See* 28 U.S.C. § 2254. The petition raises a single claim for relief – namely, Petitioner alleges that he is actually innocent. (ECF 1 at 5, 19-20.) In support of his claim, Petitioner includes the February 15, 2013 declaration from one of the victims (Ayo Nwanodi Hullett) recanting his trial testimony. (ECF 1 at 16-18.)

Petitioner previously has filed a habeas corpus petition in this Court

challenging his 1991 conviction. Case No. 2:15-cv-02365-PA(AFM). That petition raised five claims for relief, one of which is identical to Petitioner's present claim of actual innocence.[1] On February 23, 2016, judgment was entered dismissing that petition with prejudice as time-barred. *See* 28 U.S.C. § 2244(d)(1).

Because the current petition challenges the same judgment of conviction as did the petition in Case Number 2:15-cv-02365-PA(AFM), it is successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal of a habeas petition as time barred constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition. Consequently, this Court is without jurisdiction to entertain it.[2] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals.

///

///

---

[1] Indeed, Petitioner previously submitted the same declaration supporting his innocence claim that he submits as part of the present petition. (ECF 1 in Case No. 2:15-cv-02365-PA(AFM) at 21-23.)

[2] A request for authorization to file a successive petition that is "mistakenly submitted" to a district court must be referred to the Ninth Circuit. *See* Ninth Circuit Rule No. 22-3(a). Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to do so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that Petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 7, 2021

                                        PERCY ANDERSON
                            UNITED STATES DISTRICT JUDGE